IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **MARINA PORTILLO,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-21-2894 |
| | * |
| | * |
| **H RESTAURANT AND** | |
| **NIGHT CLUB LLC** | * |
| d/b/a/ **WHEATON LOUNGE,** *et al.*, | * |
| | * |
| **Defendants.** | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marina Portillo brought this civil action against Defendants H Restaurant and Nigh Club, LLC d/b/a Wheaton Lounge, RAR Group, Inc. d/b/a El Tipico Dominicano, Jose "Adrian" Lopez, and Rafael Reyes (collectively "Defendants") alleging violations of federal, state, and local labor and anti-discrimination laws, as well as intentional infliction of emotional distress, arising out of the sexual harassment, assault, and rape Defendants allegedly subjected her to during her employment at Wheaton Lounge and El Tipico Dominicano. ECF No. 1. Pending before the Court is Plaintiff's Motion for Leave to File Complaint Omitting Plaintiff's Home Address, ECF No. 2, and Plaintiff's Motion for Clerk's Entry of Default Against Defendant RAR Group Inc., ECF No. 19. For the following reasons, both Motions are granted.

On November 10, 2021, Plaintiff filed a Complaint, ECF No. 1, and the now pending Motion for Leave to File Complaint Omitting Plaintiff's Home Address, ECF No. 2. On January 7, 2022, Plaintiff filed an affidavit of summons indicating that Defendant RAR Group Inc. was served on January 5, 2022, ECF No. 9. On March 25, 2022, Plaintiff filed the additionally

1

pending Motion for Clerk's Entry of Default Against Defendant RAR Group Inc., ECF No. 19. On June 22, 2022, the Clerk entered an Order of Default against Defendant RAR Group Inc. ECF Nos. 21 & 22.

In the first pending Motion, Plaintiff requests leave to omit her home address from her Complaint. Federal Rule of Civil Procedure 10(a) requires that the identities of all parties be disclosed in the Complaint. Fed. R. Civ. P. 10(a); *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Moreover, Local Rule 102.2(a) states that a complaint "shall contain the names and addresses of all parties and the county of residence of any Maryland party." Local Rule 102.2(a) (D. Md. 2021). Such requirements "generally serve the public interest in knowing the names and identities of the parties in furtherance of openness of judicial proceedings." *CASA de Maryland, Inc. v. Trump*, No. 19-cv-2715-PWG, 2019 WL 8989594, at *1 (D. Md. Oct. 1, 2019) (citing *Public Citizen*, 749 F.3d at 273). The Fourth Circuit, however, has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings." *Public Citizen*, 749 F.3d at 273. Several factors are considered when determining whether a plaintiff's privacy concerns are sufficient to overcome the standard identification requirements:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Here, several of the above factors weigh in favor of Plaintiff omitting her address from the Complaint. First, Plaintiff seeks to preserve her privacy in a highly sensitive and personal

matter involving sexual assault, rape, and harassment. And there is no indication that Plaintiff is seeking "merely to avoid . . . annoyance and criticism." *James*, 6 F.3 at 238. Second, the disclosure of Plaintiff's address poses a risk of retaliatory harm. In the Complaint, Plaintiff alleges that Defendants terminated her employment after repeatedly sexually assaulting her and other employees, *see* ECF No. 1, and she attests in her declaration that Defendant Lopez "warned" Plaintiff not to pursue legal action against him and he threatened employees who complained of sexual harassment or assault. ECF No. 2-1 ¶ 10 (Portillo Declaration). Moreover, Plaintiff fears that if her address is made public, Defendants Lopez or Reyes, or individuals affiliated with them, including male customers who were regular patrons at Wheaton Lounge and El Tipico Dominicano, could find Plaintiff and subject her to further acts of retaliation, harassment or violence, as was "previously encouraged" by Defendants Lopez and Reyes. *Id.* ¶¶ 11–13. Third, allowing Plaintiff to omit her address from the Complaint does not risk unfairness or prejudice because "the public interest in disclosing [] Plaintiffs' address[] and count[y] of residence is minimal." *See CASA de Maryland, Inc.*, 2019 WL 8989594, at *2. Further, Plaintiff has filed this Complaint with her full name on the public record. As such, Defendants know who she is, and they are fully capable of investigating and responding to the allegations in the Complaint, *see See E.E.O.C. v. Spoa, LLC*, No. 13-cv-1615-CCB, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013), though Defendants have yet to do so.

Ultimately, adding Plaintiff's home address and county of residence to her Complaint "does little to further the openness of judicial proceedings." *See CASA de Maryland, Inc.*, 2019 WL 8989594, at *2. Therefore, the Court finds that Plaintiff's concerns of privacy regarding this sensitive and highly personal matter and the risk of retaliatory harm warrant the omission of her

home address and county from the Complaint. *See id.* (granting plaintiffs leave to omit home address from complaint based on consideration of the same factors).

Additionally, because the Clerk has entered default against Defendant RAR Group Inc., *see* ECF Nos. 21 & 22, the Court will grant Plaintiff's Motion for Clerk's Entry of Default Against Defendant RAR Group Inc.

Accordingly, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Plaintiff Marina Portillo's Motion for Leave to File Complaint Omitting Plaintiff's Home Address, ECF No 2, is **GRANTED**; and

2. Plaintiff's Motion for Clerk's Entry of Default Against Defendant RAR Group Inc., ECF No. 19, is **GRANTED**.


Dated: July 12, 2022                                  /s/
                                                     GEORGE J. HAZEL
                                                     United States District Judge